UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE BOARD OF COUNTY COMMISSIONERS OF DELAWARE COUNTY, STATE OF OKLAHOMA,<br><br>Plaintiff,<br><br>v.<br><br>PURDUE PHARMA L.P., et al.,<br><br>Defendants. | Case No. 18-CV-0460-CVE-JFJ |

**OPINION AND ORDER**

Now before the Court is moving defendants'[1] joint motion to stay proceedings pending a final decision by the Judicial Panel on Multidistrict Litigation ("JPML") as to the transfer of this action to a multidistrict litigation pending in the Northern District of Ohio, In re National Prescription Opiate Litigation, MDL No. 2804 ("MDL"), before Judge Dan Polster (Dkt. # 71).

**I.**

Plaintiff filed an amended petition in the District Court of Delaware County, State of Oklahoma on June 13, 2018. Dkt. # 2, at 327-626. On September 5, 2018, defendant McKesson Corporation removed this action on the basis of federal question jurisdiction, asserting that plaintiff's claims arise under the federal Controlled Substances Act, 21 U.S.C. §§ 801, et seq. ("CSA") and related regulations. Dkt. # 2, at 4. On September 19, 2018, plaintiff filed a motion to remand this action back to state court. Dkt. # 49.

---

[1] The moving defendants are McKesson Corporation, Cardinal Health, Inc., and AmerisourceBergen Drug Corporation.

Also on September 19, 2018, the JPML issued a conditional transfer order, indicating that this case should be transferred to the MDL on the ground that it appears to "involve questions of fact that are common to the actions previously transferred to the Northern District of Ohio and assigned to Judge Polster." JPML Dkt. # 2529. On September 26, 2018, plaintiff filed an opposition to the motion to transfer (JPML Dkt. # 2621), automatically staying the conditional transfer order. See JPML Dkt. # 2529. On September 28, 2018, moving defendants filed this motion to stay proceedings pending a final transfer decision by the JPML. Dkt. # 71. On October 23, 2018, plaintiff filed a response in opposition to the motion to stay proceedings. Dkt. # 77.

## II.

The Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). "When a motion to transfer has been filed with MDL, a district court should consider three factors in determining if a case should be stayed pending a ruling on the motion to transfer: '(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicate litigation if the cases are in fact consolidated.'" Oklahoma ex rel. Pruitt v. U.S. E.P.A., Nos. 15-CV-0381-CVE-FHM & 15-CV-0386-CVE-PJC, 2015 WL 4607903, at *2 (N.D. Okla. July 31, 2015) (quoting Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

First, the Court acknowledges that plaintiff will likely endure some delay in adjudication of its remand motion if the case is stayed: plaintiff must wait until late November, at the earliest, for the JPML's final transfer decision, and if the JPML transfers this case to the MDL, plaintiff must

wait even longer for a ruling from Judge Polster on its motion to remand.[2] But were this Court to deny the motion to stay and the motion to remand, the result would be the same; the only difference would be that defendants would have been exposed to unnecessary proceedings in this Court. Pruitt, 2015 WL 4607903, at *4 ("[I]t would undoubtedly be a waste of judicial resources for plaintiffs' cases to proceed if it is ultimately determined that jurisdiction is appropriate only in a [MDL]."). Moreover, the jurisdictional issue present in this case has already arisen in cases that have transferred to the MDL. See, e.g., City of Paterson v. Purdue Pharma L.P., No. 2:17-cv-13433 (D.N.J.); N. Mississippi Med. Ctr., Inc. v. McKesson Corp., No. 1:18-cv-0078 (N.D. Miss.); Cty. of Hudson v. Purdue Pharma L.P., No. 2:18-cv-9029 (D.N.J.). Unlike the jurisdictional issues present in the cases from the District Court of South Carolina cited by plaintiff, the jurisdictional issues here are not straightforward. See County of Spartanburg v. Rite Aid of South Carolina, Inc., et al., No. 7:18-CV-1799-BHH, at *6 (D.S.C. July 25, 2018) ("[T]he Court finds that the jurisdictional questions at issue are relatively straightforward in this case."). Therefore, if this Court were to decide the motion to remand, the possibility of inconsistent rulings on identical jurisdictional issues would be great. The Court finds that, although plaintiff will endure some delay in adjudication of its remand motion if the case is stayed, any prejudice resulting from that delay is

---

[2] Plaintiff asserts that "Judge Polster of the MDL has held that he will not act on any motions to remand and placed a moratorium on filing such motions." Dkt. # 77, at 4. However, plaintiff fails to cite to any order from the MDL in support for this assertion. Moreover, while plaintiff cites two cases from the District Court of South Carolina as support for this assertion, those cases do not cite to any order from the MDL. Therefore, this Court is unable to assess the validity of plaintiff's allegation that the assigned MDL judge will not act on any motions to remand. In any case, the Court doubts that Judge Polster intends to ignore all motions to remand altogether, as opposed to simply delaying ruling on such motions in the interest of uniformity of outcomes.

outweighed by the benefits of centralized consideration of the jurisdictional issues and conservation of judicial resources.  Accordingly, the motion to stay proceedings should be granted.

**IT IS THEREFORE ORDERED** that moving defendants' joint motion to stay proceedings pending a final transfer decision by the JPML (Dkt. # 71) is **granted**, and this matter is s**tayed**.

**DATED** this 26th day of October, 2018.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE